UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CLINTON DEWITT BAYS,<br><br>    Defendant. | Case No. 1:18-cr-00390-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Clinton Dewitt Bays's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 43. The Government has filed an opposition to Bays's Motion. Dkt. 46. Bays filed a reply and the matter is ripe for the Court's consideration. Dkts. 47, 48.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On February 19, 2020, after pleading guilty to Distributing Methamphetamine, the

Court sentenced Bays to 96 months incarceration, followed by 5 years of supervised release. Dkt. 38. Bays is currently incarcerated at Federal Correctional Institution ("FCI") Sheridan, in Sheridan, Oregon.

Bays requested a transfer to home confinement from the Bureau of Prisons ("BOP"), but his request was denied. Dkt. 43-1, at 4. On April 14, 2020, Bays submitted a request for compassionate release to the Warden at FCI-Sheridan. Bays waited the requisite 30 days and then filed the instant Motion. *Id*.

Bays filed his Motion for Compassionate Release with the Court on July 16, 2020. Dkt. 43. He cited to his underlying health conditions, in conjunction with the COVID-19 pandemic, as reasons justifying his release.

### III. LEGAL STANDARD

Bays seeks compassionate release under the First Step Act ("FSA"), newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[1] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

Bays has asked the Court for compassionate release and has proposed multiple conditions, including home confinement, that could be placed upon his release. Dkt. 43-1, at 16-17. As 18 U.S.C. § 3582(c)(1)(A) only gives the Court the authority to "reduce the term of imprisonment (and . . . impose a term of probation or supervised release)," the Court will not consider Bays's request for home confinement. *United States v. Williams*, 458 F. Supp. 3d 939, 944 (W.D. Tenn. 2020) ("The Court does not have authority under 18 U.S.C. § 3582(c)(1)(A) to place a prisoner in home confinement."). *See also Miller v. United States*, No. 16-cr-2022, 452 F.Supp.3d 1062, 1064-65 (E.D. Mich. Apr. 9, 2020) (collecting cases)).

**A. Exhaustion of Administrative Remedies**

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Bays submitted his request for compassionate release with the Warden of FCI-Sheridan on April 14, 2020. While Bays never heard back from the Warden, because he filed this motion with the Court on July 16, 2020—more than 30 days after submitting his request to the Warden—the Court finds that he has exhausted his administrative remedies.

**B. Extraordinary and Compelling Reasons**

Having determined that Bays exhausted his administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Bays's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Bays bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 3:13-cr-0044-BR, 2020 WL 1673440, at 3 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). Because this is no longer the law with the FSA, which allows defendants to seek relief directly from the court, this "leaves district courts in a conundrum." *Id.* (explaining that Congress now allows district courts to grant petitions "consistent with the applicable policy statements" from the Sentencing Commission, although the Sentencing Commission "has not made the policy statements for the old regime applicable to the new one").

A growing number of district courts have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in [U.S.S.G. § 1B1.13] warrant compassionate release." *Rodriguez*, 411 F. Supp. 3d at 682 (collecting cases). However, other courts have concluded "a judge may not stray beyond the specific instances listed in [U.S.S.G. § 1B1.13]." *Mondaca*, 2020 WL 1029024, at *3 (citations omitted); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (stating U.S.S.G. § 1B1.13's descriptions of extraordinary and compelling reasons "remain current, even if references to the identity of the moving party are not").

The Court need not decide the issue, however, because Bays suggests one of the specific scenarios set out in the Sentencing Commission's policy statement applies in this case. *Brown*, 411 F. Supp. 3d at 451 (district courts "still must act in harmony with any

sentencing policy guidelines that remain applicable and the § 3553(a) factors"). Here, Bays seeks compassionate release under the "medical condition" scenario in subdivision (A) of U.S.S.G. 1B1.13, Application Note 1.[3] Bays argues that his age, hypertension, and other health issues, in conjunction with the COVID-19 pandemic, constitute extraordinary and compelling reasons warranting his release.

Some of the other health issues that Bays alleges (his previous internal bleeding and episodes of AFib, his need for knee replacements and dentures, and his current Deep Vein Thrombosis, unrepaired double hernia, and unremoved cataracts) are not recognized by the Center for Disease Control and Prevention ("CDC") as even potentially increasing the risk of contracting a severe case of COVID-19. As such, the Court will only consider his age

---

[3] The "medical condition of the defendant" may constitute an extraordinary and compelling reason for release where:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A).

MEMORANDUM DECISION AND ORDER - 6

and hypertension in conjunction with the COVID-19 pandemic. Dkt. 43-1, at 2.

Bays's hypertension *may* place him at a higher risk of contracting a severe case of COVID-19. The CDC lists hypertension as an underlying health condition which indicates individuals might be at an increased risk of contracting a severe case of COVID-19, but it is not on the CDC's list of confirmed health conditions that actually increases risk.[4] Hypertension as an underlying condition that *may* increase risk of contracting a severe case of COVID-19 is not sufficient, in itself, to be considered extraordinary and compelling enough to warrant a reduction.

However, Bays also claims that his age places him at a higher risk of contracting a severe case of COVID-19 and that he is "experiencing deteriorating physical . . . health because of the aging process, that substantially diminishes [his] ability . . . to provide self-care[.]" Dkt. 47, at 9. Bays is 79 years old. Risk for severe illness from COVID-19 increases with age and individuals age 75-84 are eight times more likely to require hospitalization and 220 times more likely to die from COVID-19 than those age 18-29.[5] While Bays has failed to provide any proof of diminished physical or mental capability due to aging that is harming his ability to provide self-care, there is no doubt that Bays's age places him at greater risk of contracting a severe case of COVID-19.

---

[4] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, (last visited Jan. 21, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

[5] *Older Adults*, CENTERS FOR DISEASE CONTROL AND PREVENTION, (last visited Jan. 21, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.

MEMORANDUM DECISION AND ORDER - 7

That said, the Government contends that Bays would not be at less risk if released into the community. Currently, FCI-Sheridan has reported 80 total cases of COVID-19 among inmates after administering 1,234 tests.[6] There are only 14 active cases among inmates at the time of this opinion. This is a relatively low number of cases, especially considering FCI-Sheridan has 1,440 inmates and has administered a significant number of tests for that population size.[7] The Government argues that Ada County—where Bays would reside if released—has seen rampant community spread of COVID-19. Ada County has had 36,433 confirmed cases of COVID-19 and 367 confirmed deaths.[8] As the Court cannot place Bays on home confinement, the Court cannot say that he would be less at risk when free to roam the community than he is now under the strict protective orders of FCI-Sheridan.

Next, the Government asserts that there are compelling reasons *not* to release Bays, despite his health conditions. The Government contends that Bays remains a danger to society due to his previous unwillingness to comply with court orders or the law. Bays has routinely "prioritized his addiction and need for profit over the wellbeing of his health, his family, and the safety of the community." Dkt. 46, at 14. From the record, it appears Bays engaged in criminal activity shortly after ending his last supervised release and even while

---

[6] *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, (last visited Jan. 21, 2021), https://www.bop.gov/coronavirus/.
[7] *FCI Sheridan*, FEDERAL BUREAU OF PRISONS, (last visited Jan. 21, 2021), https://www.bop.gov/locations/institutions/she/.
[8] *COVID-19 Latest Information & Data,* CENTRAL DISTRICT HEALTH (last updated Jan. 21, 2021), https://public.tableau.com/profile/idaho.division.of.public.health#!/vizhome/DPHIdahoCOVID-19Dashboard/Home.

MEMORANDUM DECISION AND ORDER - 8

he was in custody. In light of this, the Government argues Bays has not shown any remorse or a desire for rehabilitation. Under the circumstances, the Court must agree.

Finally, the Government argues that the application of the 18 U.S.C. § 3553(a) factors weigh against Bays's release.[9] In particular, the Government asserts that granting Bays's motion, after he has served approximately 36 months of his 96 month sentence, would not protect the public or provide Bays with needed substance abuse or educational treatment. Bays has proven to be a repeat offender when it comes to methamphetamines and his previous sentences did not deter him from continuing to harm himself and the community. The Court agrees with this argument as well. Drug use is a pandemic of its own that has been plaguing the country, but Bays has routinely played a role in continuing the spread of methamphetamines within the community. Reducing Bays's term of incarceration by more than half does not adequately reflect the seriousness of his actions and the need for his rehabilitation. The Court agrees that this alone would be a compelling

---

[9] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)

MEMORANDUM DECISION AND ORDER - 9

reason for denying Bays's motion.

In sum, the Court finds that Bays has exhausted his administrative remedies but has not demonstrated an "extraordinary and compelling reason" for his release. Additionally, Bays has failed to show that such a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Accordingly, the Court must DENY Bays's motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Bays's Motion for Compassionate Release (Dkt. 43) is DENIED.

DATED: February 3, 2021

David C. Nye
Chief U.S. District Court Judge